FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -5 AM 11: 21

Nelson G. Page, ASB #7911121
BURR, PEASE & KURTZ
810 N Street
Anchorage, Alaska 99501
Telephone: (907) 276-6100
Facsimile: (907) 258-2530

Lane J. Ashley, SB# 073296
Kristin E. Meredith, SB# 112524
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Plaintiff, Steadfast Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| STEADFAST INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>v.<br><br>JADON, INC. dba CHILKOOT CHARLIE'S, an ALASKA corporation; MIKE GORDON, an individual and dba GORDON ENTERPRISES,<br><br>               Defendants. | Case No. A05-098 CV (JWS) |

STEADFAST INSURANCE COMPANY'S OPPOSITION
TO MOTION FOR IMMEDIATE APPOINTMENT
OF MAGISTRATE TO HOLD STATUS CONFERENCE

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

Opposition to Motion for Immediate Appointment of Magistrate to Hold Status Conference
Steadfast Insurance Company v. Jadon, Inc., et al.; Case No. A-05-098 CV    Page 1 of 6
1018-81/80874

20

Defendant Jadon has asked for the immediate appointment of a magistrate to hold a status conference for the purpose of scheduling depositions in the case. The ostensible reason for doing so is that the parties cannot agree on a "cost-effective" means of scheduling depositions. The motion is unnecessary, and certainly will not be "cost-effective." The parties should be able to reach necessary accommodations without appointment of a magistrate. Steadfast files this opposition to the motion in anticipation that the matter will be discussed at the hearing scheduled by the court for December 8. Steadfast wants the court to be apprised of the background of this dispute.

A brief history of the communications that have taken place so far makes it clear that there should be nothing unusual or particularly difficult about trying to schedule the depositions. The only jarring note so far was Mr. Davis' hanging up unexpectedly in the middle of the conference call in which these matters were being discussed.

Steadfast filed its complaint on May 6, 2005. Mr. Gordon was served on July 29, 2005, and then, at the request of Mr. Davis, several extensions of time were granted for the filing of an answer. At last, on October 5, 2005, Mr. Davis filed an answer and counterclaim. This was accompanied by a motion to dismiss in which Jadon sought immediate dismissal of Steadfast's action. The motion was filed with no notice that it was coming. Steadfast sought and received relief to conduct discovery necessary to respond to the motion to dismiss. (See Order dated November 7, 2005).

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

Opposition to Motion for Immediate Appointment of Magistrate to Hold Status Conference
Steadfast Insurance Company v. Jadon, Inc., et al.; Case No. A-05-098 CV    Page 2 of 6
1018-81/80874

On November 1, 2005, Steadfast served deposition notices on Jadon seeking the deposition of owner Mike Gordon and the 30b(6) deposition of Jadon. The depositions were set for December 6 and 7, 2005 in Anchorage. Mr. Davis objected that this conflicted with his and his client's schedules. Specifically, Mr. Davis informed Steadfast that Mr. Gordon would be in Phoenix during that time frame. Steadfast readily agreed to move the depositions to a more convenient time. Since Mr. Gordon was already going to be in Phoenix, where another important witness, Mr. Frazer, resides, the parties discussed travel to Phoenix for the purpose of taking these depositions in one location at one time. It was agreed that the parties would try to schedule depositions for the week of December 19 in Phoenix. No one suggested that Mr. Gordon would be returning to Anchorage and then flying back to Phoenix for the depositions.

Mr. Davis requested other depositions be taken during the same time frame. He sent notices for 30b(6) depositions of Steadfast and of Worldwide Insurance, the broker that issued the policies at issue in this declaratory judgment action. Mr. Davis also requested that the deposition of Mr. Villa, the representative of the underwriter be deposed. The 30b(6) notices for these depositions were received on November 22, 2005, one day before the start of the Thanksgiving holiday. Until that time Steadfast had no way of knowing what subjects would be covered in the deposition and no way of knowing which witnesses might need to be called to respond to the 30b(6) notices.

On November 28, two working days after receiving the 30b(6) notices from Mr. Davis, Steadfast attempted to confer with Mr. Davis, regarding the scheduling. At

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

Opposition to Motion for Immediate Appointment of Magistrate to Hold Status Conference
Steadfast Insurance Company v. Jadon, Inc., et al.; Case No. A-05-098 CV      Page 3 of 6
1018-81/80874

that time, Steadfast informed Mr. Davis that 1) Mr. Ashley, counsel for Steadfast, would be traveling from his offices in Los Angeles for the deposition of Mr. Gordon and preferred that the deposition be held on the 20th, so that Mr. Ashley could have a day to travel; 2) Worldwide was not under the control of Steadfast, so Steadfast could not be responsible for ensuring Worldwide's availability; and 3) that Mr. Villa resided in Los Angeles, not Phoenix, and was not available for his deposition the week of the 19th. Steadfast also informed Mr. Davis that it had not had time to determine who at Steadfast would be responding to the 30b(6) notice of deposition, and that it was unlikely that the deposition would take place in Phoenix, because the key witnesses were likely located in the Los Angeles area.

When Mr. Davis objected, Steadfast offered to go back to the original proposal to depose Mr. Gordon in Anchorage, and to rework the other depositions as necessary to meet scheduling and other considerations. At this point, Steadfast's counsel found themselves talking to a dead telephone line: Mr. Davis had hung up. Mr. Davis apparently took offense at comments made by Steadfast's counsel that he misinterpreted as being critical of him or his client.

Attached to this memorandum as Exhibit A is the letter sent to Mr. Davis following these developments. Attached as Exhibit B is the letter sent on November 29, 2005, proposing that Mr. Gordon be deposed on December 20-21, 2005, in Anchorage, and providing alternative dates for the depositions of the other witnesses under discussion. Since then, counsel have conferred and at least tentatively agreed (subject to

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

Opposition to Motion for Immediate Appointment of Magistrate to Hold Status Conference
Steadfast Insurance Company v. Jadon, Inc., et al.; Case No. A-05-098 CV    Page 4 of 6
1018-81/80874

this court's scheduling hearing) that Mr. Gordon and Jadon will be deposed in Anchorage commencing on December 20. (See Exhibit C) Steadfast has offered to make Mr. Villa available for deposition December 27, 28, 29, and 30. Steadfast has also offered to coordinate Mr. Fraser's deposition for the same week. It now appears that Mr. Villa will be the 30b(6) witness for the deposition subjects noticed by Jadon, so that deposition, too, can be scheduled for the same time.

There is no need to appoint a magistrate to deal with what should be routine matters between counsel. That is simply an unnecessary expense and a waste of time and resources. Both sides seem to agree that discovery needs to take place, and to take place quickly. Both sides appear to be willing to act in good faith to try to accomplish that goal.

Jadon is the party that filed the motions to which Steadfast must respond. Steadfast has done nothing more than attempt to schedule necessary and critical depositions for that purpose. If other depositions can be scheduled concurrently, that is well and good. If they cannot, then it is unreasonable to hold up the development of necessary discovery until Jadon and its counsel find it convenient.

DATED at Anchorage, Alaska this 2d day of December, 2005

BURR, PEASE & KURTZ
Attorneys for Plaintiff
Steadfast Insurance Company

By: _____
Nelson G. Page
Alaska Bar #7911121

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

Opposition to Motion for Immediate Appointment of Magistrate to Hold Status Conference
Steadfast Insurance Company v. Jadon, Inc., et al.; Case No. A-05-098 CV    Page 5 of 6
1018-81/80874

CERTIFICATE OF SERVICE

I certify that on the _5th_ day of December, 2005, a true and correct copy of the foregoing document was sent via ~~U.S. mail~~/hand delivery to:

Paul L. Davis, Esq.
Preston Gates & Ellis LLP
420 L Street, Suite 400
Anchorage, Alaska 99501

_/s/ Teresa Wilson_
Teresa Wilson

BURR, PEASE
& KURTZ
A PROFESSIONAL CORPORATION
810 N STREET
ANCHORAGE, AK 99501
(907) 276-6100

Opposition to Motion for Immediate Appointment of Magistrate to Hold Status Conference
Steadfast Insurance Company v. Jadon, Inc., et al.; Case No. A-05-098 CV      Page 6 of 6
1018-81/80874

## BURR, PEASE & KURTZ
A PROFESSIONAL CORPORATION

| OF COUNSEL: | | | |
|---|---|---|---|
| | CHARLES P. FLYNN | MICHAEL W. SEVILLE | 810 N STREET |
| DONALD A. BURR | ANN C. LIBURD | DAVID W. PEASE | ANCHORAGE, AK 99501-3293 |
| THEODORE M. PEASE, JR. | JOHN C. SIEMERS | THOMAS P. OWENS III | TELEPHONE: (907) 276-6100 |
| L. S. KURTZ, JR. | NELSON G. PAGE | MARGARET R. RUSSELL | FACSIMILE: (907) 258-2530 |
| ARDEN E. PAGE | MICHAEL W. SEWRIGHT | CARL H. JOHNSON | E-MAIL: ngp@bpk.com |

www.bpk.com

TAX ID NO. 92-0037399

November 28, 2005

Paul L. Davis          **BY FAX**
Preston Gates and Ellis
420 L Street
Anchorage, Alaska 99501- 1937

Chilkoot Charlie's litigation
Our File 1018-81

Dear Paul:

I have just gotten off the teleconference with you and Kristin Meredith, which you apparently hung up on. I am doing my best to work things out amicably and professionally with you, but, really.

You indicated that you intend to ask the judge for a conference on this matter. At the conference we will certainly let the judge know that we noticed the deposition of Gordon and Jadon for early December and reset it to accommodate your and your client's schedules. We have also agreed to facilitate the logistics of the depositions in Phoenix. We also will inform the judge that we are prepared to fly to Anchorage to take the depositions on the 20th if that is your preference. It seemed to us that including Mr. Fraser's deposition on the 22d in Phoenix made sense, since it would take care of two witnesses with a minimum of fuss and expense.

We will tell the judge that we were prepared to facilitate other depositions if possible in Phoenix, including those of Worldwide Insurance. Because we only recently received your 30b(6) deposition notice for Steadfast, we are unable to tell you who will be testifying in response to that notice, which means that we can't tell you whether that person or persons would be available the week of the 19th. It seems unlikely that Steadfast's deposition will take place in Phoenix, as the underwriting of this policy took place in Los Angeles. That is also the location of Mr. Villa, the other witness you wish to depose. As we told you at the teleconference before you hung up, Mr. Villa is not available the week of December 19 for his deposition. It is, after all, the week before Christmas.

Exhibit  A
Page  1  of  2

I really don't see anything about these issues that justifies your taking the position that Steadfast is being unreasonable or uncooperative, and I certainly see no reason to terminate the phone call by hanging up on us. Given the above, perhaps intervention by the judge is appropriate.

                Very truly yours,

                BURR, PEASE & KURTZ

                Nelson G. Page

Exhibit __A__
Page _2_ of _2_

# LEWIS BRISBOIS BISGAARD & SMITH LLP

ATTORNEYS AT LAW

221 NORTH FIGUEROA STREET, SUITE 1200, LOS ANGELES, CA 90012
PHONE: 213.250.1800 | FAX: 213.250.7900 | WEBSITE: www.lbbslaw.com

KRISTIN E. MEREDITH
DIRECT DIAL: 213.580.7983
E-MAIL: meredith@lbbslaw.com

November 29, 2005

*Via Fax and U.S. Mail*

Paul L. Davis
Preston Gates & Ellis LLP
420 L Street, Suite 400
Anchorage, AK 89501-1971

Re:  Estate of Gerald Haynes v. Jadon, Inc. dba Chilkoot Charlie's
     Claim No.:    9240069355-001
     Policy No.:   SCO 9005843-00
     Insured:      Jadon, Inc. dba Chilkoot Charlie's
     Date of Loss: 03/20/04

Dear Mr. Davis:

I am in receipt of a copy of your letter of November 28, 2005.

First, let us clarify the record with respect to the depositions of your client. The depositions were noticed to take place in Anchorage. We were and still are willing to travel to Anchorage for these depositions. Neither you nor Mr. Gordon have to travel anywhere to have these depositions taken.

Second, you were the one who asked that the depositions be moved from Anchorage to Phoenix. It was communicated to us that Mr. Gordon would be on vacation someplace in the Lower 48 (perhaps in Arizona or Nevada) during the time period right before December 19th and that it would be convenient for him to remain in the Lower 48 in order to take his deposition during that week. Again, as previously offered during our telephone conversation, (which according to the time keeper on my phone was less than 10 minutes), we will go to Anchorage for Mr. Gordon's deposition. There is no need for Mr. Gordon to travel to Arizona for his deposition. The impression I was left with was that Mr. Gordon preferred to remain in the Lower 48 for his deposition. However, if he wants to stay in Anchorage, please advise as soon as possible and we will schedule it for December 20 and 21, 2005.

| SAN FRANCISCO | SAN DIEGO | COSTA MESA | INLAND EMPIRE | SACRAMENTO | NEW YORK | LAS VEGAS | PHOENIX | TUCSON | CHICAGO |
|---|---|---|---|---|---|---|---|---|---|
| 415.362.2580 | 619.233.1006 | 714.545.9200 | 909.387.1130 | 916.564.5400 | 212.232.1300 | 702.893.3383 | 602.385.1040 | 520.202.2565 | 312.345.1718 |

4852-2210-5600.1

Exhibit __B__

Page __1__ of __2__

LEWIS BRISBOIS BISGAARD & SMITH LLP

Paul L. Davis
November 29, 2005
Page 2

    Finally, Mr. Villa is available for deposition in Los Angeles on December 27, 28, 29 or 30, 2005. If you like, we can take Mr. Frazer's deposition in Phoenix on December 27 or 28 (subject to his schedule of course), and Mr. Villa on December 20 or 30, 2005. Please let me or Mr. Page know if any of these dates work for you.

                              Very truly yours,

                              Kristin E. Meredith of
                              LEWIS BRISBOIS BISGAARD & SMITH LLP

KEM:ldv

cc:    Nelson G. Page, Esq.

Exhibit B
Page 2 of 2

4852-2210-5600.1

## BURR, PEASE & KURTZ
A PROFESSIONAL CORPORATION

OF COUNSEL

DONALD A BURR
THEODORE M PEASE, JR
L S KURTZ, JR
ARDEN E PAGE

CHARLES P FLYNN
ANN C LIBURD
JOHN C SIEMERS
NELSON G PAGE
MICHAEL W SEWRIGHT

MICHAEL W SEVILLE
DAVID W PEASE
THOMAS P OWENS III
MARGARET R RUSSELL
CARL H JOHNSON

810 N STREET
ANCHORAGE AK 99501-3293

TELEPHONE (907) 276-6100
FACSIMILE (907) 258-2530
E-MAIL ngp@bpk.com

www.bpk.com

TAX ID NO 92-0037399

December 1, 2005

Paul L. Davis
Preston Gates and Ellis
420 L Street
Anchorage, Alaska 99501-1937

**HAND DELIVERY**

Chilkoot Charlie's litigation
Our File 1018-81

Dear Paul:

Per our discussion, the enclosed deposition notices for Mr. Gordon and Jadon are intended to preserve the status quo as I understand it to exist. We will plan to take these depositions on the 20th of December in Anchorage, with the possibility of spilling over to the 21st if necessary. Obviously, these notices may be superceded by the court's scheduling hearing on the 8th. I am sending you the notice because we did not want the previously discussed depositions set for Phoenix to simply go completely off the calendar by default.

Ms. Meredith's letter to you of November 29 also offers dates for the depositions of Fraser and Villa. I am more than willing to discuss the details of getting these depositions scheduled.

As we discussed, I will be filing an opposition to your motion shortly. Obviously, the judge has decided to hold a hearing, so in one sense the opposition may be moot. But we do want the judge to have both sides of the issue before him at the hearing.

Very truly yours,

BURR, PEASE & KURTZ

Nelson G. Page

Encl.
Cc Kristin Meredith
   Lane Ashley

Exhibit C
Page 1 of 1